## BOASBURG *v.* CRONAN *et al.*

*(Superior Court of Buffalo, Trial Term.*  June 12, 1889.)

MUTUAL BENEFIT INSURANCE—TRUST TO PAY DEBTS.
    Money due on a beneficiary certificate, made payable to a third person for the pur-
    pose and with the understanding that it shall be applied in payment of the debts
    and funeral expenses of the assured, is impressed with a trust to that effect, which
    equity will enforce.

*Ullman & Ullman,* for plaintiff.   *Andrus & Joyce,* for defendants.

TITUS, J.   This action, in form, is against Timothy J. Cronan and Nept-
une Lodge No. 57, Empire Order of Mutual Aid, but is, in fact, against
Timothy J. Cronan, the beneficiary named in the certificate.   The defendant
Empire Order of Mutual Aid does not defend or claim exemption from the
payment of the money, $1,000, to the person designated in the certificate, but
comes into court, and by its treasurer disavows any claim to the fund, and is
ready and willing to pay to whomsoever the court determines is entitled to it.

The claim of the plaintiff is that the fund in the hands of the defendant
Cronan is impressed with a trust to pay the plaintiff, and other creditors of
Daniel Cronan; that the money was made payable to Timothy J. Cronan by
the deceased for the express purpose and with the understanding of the de-
fendant Cronan that it should be applied by him in the payment of his debts
and funeral expenses.   From the evidence in the case, I am satisfied that
such was the agreement and intent with which Timothy J. Cronan was made
the payee in the beneficiary certificate.   Such being the case, equity will en-
force the trust, and charge the fund in the hands of the defendant Cronan
with the payment of the debts and funeral expenses of the deceased.   The
authorities cited by the defendant do not militate against this proposition, as
the facts in this case take it out of the rule invoked by the defendant.   They,
in substance, lay down the rule that moneys received by a beneficiary in a
certificate are not assets of the deceased, and not subject to the payment of
his debts as against the beneficiary.   In this case, the deceased has, by agree-
ment, made the fund payable to the defendant Cronan for the express purpose
of paying creditors; the defendant, therefore, is a mere trustee to effectuate
that purpose, and has no claim on the fund as against the plaintiff and those
creditors who were mentioned, and for whose benefit the fund was created.

The facts, although meager, are sufficient to establish the plaintiff's right
to recover.   Judgment is ordered for the amount claimed by the plaintiff,
with interest and costs, and the Empire Order of Mutual Aid is directed to
pay the plaintiff that amount, and the balance to the defendant Cronan, to pay
debts and funeral expenses.